UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EUGENE WINSTON WHEELER, JR., | ) CASE NO. 5:14-cv-2362 |
| PLAINTIFF, | ) JUDGE SARA LIOI |
| | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| vs. | ) |
| LAW OFFICES OF JOHN D. CLUNK CO., LPA, | ) |
| DEFENDANT. | ) |

*Pro se* plaintiff Eugene Winston Wheeler ("plaintiff") filed this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(1) and (5), and the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.02(B)(10), against the Law Offices of John D. Clunk Co., LPA ("defendant"). In the complaint, plaintiff alleges defendant represents One West Bank in a foreclosure action against Robert D. Anthony in which One West Bank allegedly lacks standing. Plaintiff is named in that foreclosure action as an interested party. In the instant lawsuit, he seeks monetary damages and injunctive relief "to prevent future injurious conduct by the defendant." (Doc. No. 1 at 8.) He has also filed a Motion for Leave to Amend Complaint (Doc. No. 3) to add ten John/Jane Does, and a Motion to Proceed *In Forma Pauperis* (Doc. No. 2). For the reasons set forth below, the motions are denied, and this case is dismissed.

## I. Background

Although this case is recently filed, it has its roots in a state court action with a long and tortured procedural history.[1] Robert D. Anthony ("Anthony") purchased the property at 1296 River Woods Drive, Hinkley, Ohio 44233. *See OneWest Bank v.* Wheeler, No. 1:15-CV-589 (N.D. Ohio filed Mar. 25, 2015) (state court foreclosure action No. 14CIV0291 removed to federal court on the eve of trial). On April 6, 2007, Anthony signed a promissory note in favor of All State Home Mortgage Corporation ("All State") in the amount of $1,000,000.00 plus 6.25% interest. The note was secured by a mortgage on the River Woods property. Beginning June 1, 2007, Anthony was required to make monthly mortgage interest payments of $5,208.33. On June 17, 2017, Anthony's payments would increase to $7,309.28 to cover interest and principal. The mortgage deed listed Mortgage Electronic Registration Systems, Inc. ("MERS") as the mortgagee and nominee for the lender.

At some point in 2007, Anthony defaulted on his payments. On September 19, 2008, Anthony anticipated the impending foreclosure and quitclaimed his interest in the property to OTM Investments, Inc., an Ohio for profit corporation ("OTM"). OTM, however, did not assume responsibility for payment of the mortgage, which remained in Anthony's name. The transfer applied only to the legal title on the property. Plaintiff is listed as the statutory agent for OTM. OTM then immediately quitclaimed its interest in the property to plaintiff. The quitclaim

---

[1] Much of the background summarized herein has been obtained from public records available through the websites of various clerks of court, of which this Court may take judicial notice pursuant to Fed. R. Evid. 201. *See*, *United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) ("Public records and government documents are generally considered 'not to be subject to reasonable dispute.' … This includes public records and government documents available from reliable sources on the Internet.") (internal quotation marks and citations omitted); *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) ("Courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies."), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).

deed from OTM to plaintiff was signed on October 3, 2008; however, it was not recorded until November 14, 2008. There is no indication that there was consideration for the transfer.

IndyMac filed a foreclosure action against Anthony, OTM, and others in the Medina County Court of Common Pleas on November 5, 2008. (Case No. 08CIV2019.) IndyMac attached copies of the note and the mortgage to the complaint, but did not provide documentation of an assignment of the mortgage. County property records still showed the mortgage to be held by All State. Anthony, acting *pro se*, filed an answer asserting that IndyMac was not the lawful holder of the note nor the assignee of the mortgage and, therefore, had no legal right to foreclose. IndyMac moved for summary judgment and attached an assignment of mortgage dated November 14, 2008, by which MERS, on behalf of All State, assigned its interest in the mortgage to IndyMac. Anthony opposed the motion, but on June 17, 2009, the Medina County Court of Common Pleas granted judgment against Anthony in the amount of $1,000,000.00 plus interest. Anthony filed an appeal of that judgment on July 17, 2009. The judgment was affirmed on August 4, 2011.

IndyMac executed an assignment of the note and mortgage to OneWest Bank on October 7, 2009. That assignment was recorded on February 24, 2010. In the meantime, IndyMac moved forward with the sheriff's sale of the property. Anthony filed a motion for relief from judgment on July 17, 2009 and again on August 5, 2009. The motions were denied, and the property was scheduled for sheriff's sale on September 24, 2009; but the sheriff's sale was canceled after Anthony filed for bankruptcy on September 17, 2009. *See In re Anthony*, No. 09-54217-mss (Bankr. N.D. Ohio filed 9/17/09). The bankruptcy was dismissed in December 2009 when Anthony did not file the appropriate schedules.

The Sheriff's sale was rescheduled for March 11, 2010. On March 10, 2010, the day before the scheduled sale, Anthony filed his second bankruptcy, staying the foreclosure action. *See In re Anthony*, No. 10-51032-mss (Bankr. N.D. Ohio filed 3/10/10). He did not file any of the ordered schedules and the bankruptcy was dismissed on April 21, 2010.

The sheriff's sale was rescheduled for August 19, 2010. On August 18, 2010, Anthony filed a third bankruptcy action. *See In re Anthony*, No. 10-53928-mss (Bankr. N.D. Ohio filed 8/18/10). The court ruled that the automatic stay was inapplicable to the property that was the subject of the foreclosure and that Anthony was not statutorily eligible to file for bankruptcy under Chapter 13. Anthony was given two weeks to convert his bankruptcy to another chapter but he did not do so. On the motion of the Trustee, the bankruptcy was dismissed and sanctions were imposed against Anthony on November 24, 2010. Anthony was barred from filing another bankruptcy action for 180 days.

The sheriff's sale was rescheduled yet again for January 20, 2011. Anthony could not file another bankruptcy due to the 180-day filing sanction imposed by the court. Rather, plaintiff filed a bankruptcy action on January 19, 2011, one day before the scheduled sheriff's sale. *See in re Wheeler*, No. 11-50169-mss (Bankr. N.D. Ohio filed Jan. 19, 2011). OneWest Bank filed a motion requesting that the real property be removed from the bankruptcy, claiming plaintiff was not obligated on the debt for that property and the property had no equity since Anthony had stopped making payment on it in 2007. The bankruptcy court lifted the stay on February 23, 2011, and ordered that no stay would be imposed for any future bankruptcy proceeding as it relates to an *in rem* action against the subject real property for a period of two years. The court specified that OneWest should file a copy of the order with the Medina County

4

Recorders Office so that any sheriff presented with a subsequent bankruptcy petition filed in contradiction to that order for the purpose of stopping an otherwise lawfully scheduled sheriff's sale may disregard such petition and proceed with the scheduled sale. On February 28, 2011, the bankruptcy court dismissed the case and plaintiff was forbidden to file any future bankruptcy action unless he first paid in full the outstanding filing fees in the dismissed action.

The sheriff's sale was rescheduled for November 17, 2011. This time, the property was sold at auction and purchased by One West Bank. The sale was confirmed on January 9, 2012. A writ of possession was issued by the common pleas court on June 5, 2012. That writ was not returned, however, because Anthony filed an appeal to the Ohio Supreme Court on June 13, 2012 and requested a stay. The Supreme Court granted the request on July 25, 2012.

On December 31, 2012, the Ohio Supreme Court reversed the decision of the Court of Appeals and remanded the action to the trial court for further proceedings. In essence, the Supreme Court held that IndyMac was not the holder of the mortgage when the foreclosure was filed, and although a valid assignment of the mortgage was filed later, IndyMac lacked standing when it filed the lawsuit. Because standing is required to invoke the court's jurisdiction, a litigant cannot cure lack of standing after commencement of the action by obtaining an interest in the property that is subject to the litigation and substituting itself as the real party in interest. *See Fed. Home Loan Mort. Corp. v. Schwartzwald*, 979 N.E.2d 1214, 1219-23 (Ohio 2012). In light of the Supreme Court's decision, IndyMac filed a motion to vacate judgment and dismiss without prejudice. The trial court granted that motion and dismissed the case without prejudice on April 8, 2013.

On March 13, 2014, OneWest Bank refiled the foreclosure action in the Medina County Court of Common Pleas against Anthony, Wheeler, OTM and other interested parties. (Case No. 14CIV0291.) Both Wheeler and Anthony filed motions to dismiss. In his motion, Wheeler claimed OneWest and IndyMac lacked standing because the assignments were "robo-signed" by Erica Johnson-Seck. He also claimed that the attorneys for John D. Clunk Co., LPA helped to perpetrate fraud on the title of the property. Medina County Common Pleas Court Judge James L. Kimbler denied the motion on June 27, 2014, concluding that OneWest was the holder of the promissory note when the foreclosure case was filed, that the assignments were valid, and that OneWest had standing to pursue foreclosure. The case was ultimately set for trial on March 27, 2015, after several continuances were granted. At 4:13 p.m. on March 26, 2015, the day before trial, plaintiff filed a notice of removal of the case to federal court. That action, No. 1:15-cv-589, is currently pending before Chief Judge Solomon Oliver, Jr.

Wheeler has now filed the within action against the Law Offices of John D. Clunk Co., LPA. In this action, he again asserts that the attorneys employed by the John D. Clunk Co., LPA helped to perpetrate a fraud on the property by filing foreclosure actions when they know that their clients lack standing to file them. He contends that OneWest and IndyMac lack standing because they used a "robo-signer" to execute mortgage assignments and those mortgage assignments were invalid. He also contends OneWest did not register as a foreign corporation before maintaining an action in the Medina County Court of Common Pleas. Finally, he contends that the law firm filed the second foreclosure action in 2014 knowing the statute of limitation had expired. He claims the law firm used false and misleading statements and engaged in unconscionable acts to collect the mortgage debt in violation of the Fair Debt Collection

Practices Act ("FDCPA"). He asserts a claim for malicious prosecution against the law firm for initiating proceedings in which its client lacks standing, and contends the defendant engaged in unfair and deceptive sales practices by using robo-signers to assign the mortgage, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03. He claims he is entitled to monetary damages in the amount of $1,000,000.00 and injunctive relief to prevent future injury by defendant.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis*. (Doc. No. 2.) In his motion, he indicates he is not employed, collects social security disability in the amount of $721.00 per month, and receives $277.00 per month in public assistance. He claims to have only $10.00 in his checking account, no money in savings, and no other sources of income. Oddly, given that his only connection to this case is a property interest in a home valued at $1,000,000.00, which was quitclaimed to him by Anthony in 2008, he indicates on his *in forma pauperis* application that he has no home, and owns no real estate. In the pleading, he contends he resides in this $1,000,000.00 home; however, in his *in forma pauperis* application, he indicates he pays $500 in rent. Plaintiff is not obligated on the mortgage and indeed the mortgage and taxes have not been paid by plaintiff or Anthony since 2007. Plaintiff offers no explanation of why (and to whom) he would pay rent.

In addition, plaintiff failed to disclose his interest in OTM Investments in his application to proceed *in forma pauperis*. On the website of the Ohio Secretary of State, Wheeler is listed as the statutory agent for this company. But it is apparent from the pleading that he has more than a ministerial interest in this corporation. Indeed, upon obtaining title to the River Woods property from Anthony, OTM immediately quitclaimed the property to plaintiff with no

7

apparent consideration exchanged. He has not disclosed his real interest in this corporation in his *in forma pauperis* application.

Moreover, OTM Investments is not plaintiff's only business interest. The Ohio Secretary of State shows he has active interests in GENO Funding Ltd., TBI, Inc., America's Choice Builders, Inc., and O N E Distributors, LLC. GENO Funding lists its purpose as "management" and lists its principal business address as 1296 River Woods Dr., Hinkley, Ohio 44233, the property that is the subject of this action. Plaintiff is listed as the statutory agent. TBI claims its business purpose is to do corporate business from the state of Ohio in construction and investments on a corporate level. Plaintiff is an incorporator and an officer of the company. This company also lists its principal place of business as 1296 River Woods Dr., Ste. 1D, Hinkley, Ohio 44233. Plaintiff is listed as the statutory agent for O N E Distributors, which lists no corporate purpose. In addition, plaintiff registered a trade name for himself, for the Eugene Winston Wheeler Jr. Estate, and for Nyah A. Wheeler. For each of these, he lists the purpose of the business as engaging in lawful acts and/or business activities to buy, sell, loan, pledge and dispose of real estate and real property. The business address listed for each trade name is 1296 River Woods Dr., Hinkley, Ohio 44233. It appears that plaintiff has other assets and/or sources of income that he did not disclose on this application.

Finally, Plaintiff removed the state court foreclosure action to federal court on March 25, 2015 and paid the full filing fee of $400.00. If Plaintiff indeed has no source of income other than social security disability and public assistance, has no money in his checking or savings account, and has expenses that exceed his limited income, he needs to explain how he was able to pay the filing fee to remove the state foreclosure case.

8

This Court does not take lightly a litigant's request for *in forma pauperis* status. Proceeding *in forma pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991); *Marshall v. Beshear*, No. 3:10CV–663–R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010). "[T]he court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused." *Chung v. Dushane*, No. 03 C 5955, 2003 WL 22902561, at *2 (N.D. Ill. Dec. 9, 2003); *Kirkland v. Donahoe*, No. 1:11–cv–048, 2012 WL 2360862, at *3 (S.D. Ohio June 20, 2012). Plaintiff's *in forma pauperis* application omits pertinent asset and income information. The statute authorizing litigants to proceed *in forma pauperis* provides a consequence for failing to disclose pertinent financial information: "the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Plaintiff's *in forma pauperis* application is, therefore, denied and this case is dismissed.

Plaintiff may reopen this case by first paying the full filing fee of $400.00 within ten (10) days of the date of this order and then filing an Application to Reopen the case. The Court will not accept any additional documents for filing, including an application to reopen, until the filing fee is paid in full. If an application to reopen is not filed with ten (10) days of the date of this order, this action will be dismissed with prejudice.

Moreover, the Court has serious concerns that plaintiff lacks standing to assert claims pertaining to the validity of the mortgage between Anthony and OneWest Bank, or to challenge OneWest's efforts to collect the loaned amount from Anthony. Plaintiff does not appear to be obligated on the mortgage and therefore is not a debtor. The first foreclosure judgment was only against Anthony. A party must assert his or her own legal rights and interests,

and cannot rest his or her claim to relief on the legal rights or interests of third parties. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Allstate Ins. Co. v. Wayne County*, 760 F.2d 689, 693 (6th Cir. 1985). The fact that plaintiff may be collaterally affected in some way by the adjudication of Anthony's rights does not necessarily extend the Court's Article III powers to him. *Allstate Ins. Co.*, 760 F.2d at 692. Further, defects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings. *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 539-40 (6th Cir. 2006); *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988). Plaintiff has the burden of establishing subject matter jurisdiction to proceed with the case, and that includes establishing standing to assert the claims included in the pleading. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

Consequently, if plaintiff pays the full filing fee within ten days, he is ordered to show cause in his application to reopen why he has standing to bring this action. If the application to reopen does not adequately establish plaintiff's standing to bring these claims, the action will be dismissed with prejudice regardless of whether the filing fee is paid.

## II. Conclusion

For all the foregoing reasons, plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is denied and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff may reopen this case within ten (10) days of the date of this order by first paying the full filing fee of $400.00 and, after payment of the fees, by filing a motion to reopen this case that

demonstrates that the plaintiff has standing to bring this action. The Court will not accept any additional documents for filing, including the application to reopen, until the filing fee is paid in full. Any document submitted prior to payment of the full filing fee will be returned to the plaintiff unfiled. Moreover, if an application to reopen is not filed with ten (10) days of the date of this order, and if the application does not adequately demonstrate that plaintiff has standing to bring this action, this case will be dismissed with prejudice and will not be restored to the Court's docket, regardless of whether the full filing fee is paid. Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

    **IT IS SO ORDERED**.


Dated: April 24, 2015

    **HONORABLE SARA LIOI**
    **UNITED STATES DISTRICT JUDGE**